IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ANDRES L., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN J. O'MALLEY, <br> Commissioner of Social Security, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION <br><br><br> Case No. 1:22-cv-00150-CMR <br><br> Magistrate Judge Cecilia M. Romero |

The parties in this case have consented to the undersigned conducting all proceedings (ECF 12). 28 U.S.C. § 636(c). Plaintiff Andres L. (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (Act). After careful review of the entire record (ECF 16), the parties' briefs (ECF 17, 25, 27), the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free from reversible error. For the reasons stated below, the court hereby DENIES Plaintiff's Motion for Review of Agency Action (ECF 17) and AFFIRMS the decision of the Commissioner.

## I.  BACKGROUND

### A.  Procedural History

Plaintiff filed his applications for disability insurance benefits and supplemental security income in 2016 (Tr. 284–99). He alleges disability beginning October 15, 2014 (Tr. 284) due to limitations caused by back and vision problems, not mentioning any mental impairments (Tr. 311). Plaintiff's claims were denied after four levels of administrative review, and Plaintiff appealed to

this court, which remanded for further proceedings (Tr. 1–9, 16–38, 110–79, 194–99, 1675–80). Prior to filing the instant appeal, the Appeals Council vacated the final decision and remanded the matter, directing the ALJ to further develop the record regarding Plaintiff's anxiety and depressive disorders, including by obtaining additional evidence from a psychological expert (Tr. 1685). The ALJ followed these instructions by requesting responses to medical interrogatories from psychologist, Suniti Kkreja-Barua, Ph.D. (Dr. Barua) (Tr. 2078–86).

### B. ALJ Decision

The Administrative Law Judge (ALJ) followed the Commissioner's five-step sequential evaluation process for disability claims (Tr. 24–41). *See* 20 C.F.R. § 404.1520(a)(4).[1] In a decision dated October 21, 2021, the ALJ determined at step 2 that Plaintiff had severe impairments of right eye blindness, lumbar degenerative disc disease, status post L4-5 laminectomy, and obesity (Tr. 1582) and nonsevere impairments of insomnia, hypertension, hyperlipidemia, left knee pain, tension headache, depression, and anxiety (Tr. 1583). With regard to the mental impairments, the ALJ found mild limitations in all functional areas: understanding, remembering or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself (Tr. 1584). In making this determination, the ALJ considered the medical opinion of Dr. Barua and found that it was entitled to little weight (Tr. 1585).[2]

At step 3, the ALJ considered Plaintiff's spinal disorders under Listings 1.15 and 1.16 and vision impairment under Listing 2.02, finding the criteria were not met (Tr. 1585–86). The ALJ then determined Plaintiff had the residual functional capacity (RFC) to perform light work with

---

[1] All references to the Code of Federal Regulations (C.F.R.) are to the 2021 edition, which was in effect when the ALJ issued his decision.

[2] Because Plaintiff's application was filed prior to March 2017, the ALJ evaluated the medical opinions in the manner directed by the regulations at 20 C.F.R. §§ 404.1527, 416.927.

additional limitations (Tr. 1587). At step four, the ALJ found that, given this RFC, he was not able to perform past relevant work (Tr. 1591–92). Consistent with vocational expert testimony, the ALJ found at step 5 that Plaintiff could perform jobs existing in significant numbers in the national economy, including marker, housekeeping cleaner, and advertising material distributor (Tr. 1593).

The ALJ ultimately issued a partially favorable decision, finding that Plaintiff was under a "disability" as defined in the Act beginning in February 2021, but not before (Tr. 1580, 1593). Plaintiff did not file exceptions within 30 days after the October 21, 2021 decision so the ALJ's decision became final after 60 days (*see* Tr. 1577). Plaintiff also did not file a civil action within 120 days after the ALJ's decision became final. Instead, on December 14, 2021, he filed exceptions to the ALJ decision (Tr. 1573). 20 C.F.R. §§ 404.984, 416.1484. On September 23, 2022, the Appeals Council found that Plaintiff had not filed timely exceptions or timely requested an extension (Tr. 1573). On January 5, 2023, the Appeals Council extended the time by which Plaintiff could file a civil action, so that the current action was considered timely filed (Tr. 2167). 20 C.F.R. §§ 404.82, 416.1477. This court has jurisdiction pursuant to 42 U.S.C. § 405(g). 20 C.F.R. § 422.210.

## II.   STANDARD OF REVIEW

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high," and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 1154, 1157. It is "'more than a mere scintilla'" and "means— and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek*, 139 S. Ct. at 1154 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Under this deferential standard, the court may neither reweigh the evidence nor

3

substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). If the evidence is susceptible to multiple interpretations, the court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)). That is, in reviewing under sentence four of 42 U.S.C. § 405(g), a court must affirm if the ALJ's decision is supported by substantial evidence and the correct legal standards were used, even if the court believes the evidence is "equivocal." *Nguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994).

### III. DISCUSSION

#### A. The ALJ Did Not Have a Duty to Further Develop the Record.

Plaintiff argues the ALJ erred in failing to further develop the record regarding Plaintiff's mental impairments and that "no reason was given why further investigation was not warranted" (Plaintiff's Opening Brief (Pl. Br.), ECF 17 at 23). It is within the ALJ's discretion to develop the record more fully, and he only has such an obligation in limited circumstances. 20 C.F.R. §§ 404.1520b(b), 416.920b(b) (providing that recontacting a medical source is only required if the evidence received from the medical source is insufficient for a determination of disability or the record contains insufficient evidence to make a decision).

While not entirely clear, it appears that Plaintiff is suggesting that the ALJ violated or failed to adhere to the directives of the Appeals Council in further developing the record. "[W]hen the instructions 'direct[] the ALJ to take additional or different steps to build or evaluate the record, then the remand order supplements or affirms the rules shaping the evidence that is available or pertinent to the claimant." *Bonnie M. v. Kijakazi*, No. 19-CV-0622-CVE-JFJ, 2021 WL 4823270, at *6 (N.D.

Okla. Oct. 15, 2021) (quoting *Noreja v. Comm'r, SSA*, 952 F.3d 1172, 1179–80 (10th Cir. 2020)). In reviewing compliance with Appeals Council directives, the court "must ascertain whether the ALJ's alleged violation of Appeals Council orders rendered his decision legally or factually unsupportable[.]" *Id.* (citing *Noreja*, 952 F.3d at 1178).

Here, the Appeals Council directed the ALJ to further evaluate the nature, severity, and effects of the anxiety and depression disorders, and in doing so, to obtain additional evidence from a psychological expert (Tr. 1685). The ALJ complied with this directive by requesting responses to medical interrogatories from Dr. Barua (Tr. 2078–86) as well as explaining why he found Plaintiff's impairments nonsevere (Tr. 1583). The ALJ explained how he considered the evidence from Dr. Barau in evaluating Plaintiff's anxiety and depression disorders at step 2 of the decision (Tr. 1584–85). The ALJ discussed medication that Plaintiff received and how Plaintiff appeared to have some improvement, noted that Plaintiff had not participated in therapy as recommend by the doctor, and found Plaintiff's testimony to be inconsistent with the record (Tr. 1583). Under these circumstances, the court finds that the ALJ adequately complied with the Appeals Council's directives.

Plaintiff also suggests that the ALJ's method for obtaining additional evidence, i.e., interrogatories, "may have been a mistaken method for evaluating mental illness" (Pl. Br. at 21), but he does not suggest that another method would have been helpful, or why this is an error that justifies remand. Moreover, Plaintiff did not ask the ALJ to recontact Dr. Barua even after the ALJ expressed concern with the opinion at the hearing, stating that "I do want to be upfront with you. . . I'm struggling to find reasonable support in the record our listing opinion of our medical expert," given that the opinion was inconsistent, Plaintiff had not alleged mental health limitations in his disability application, and there was no mental health treatment noted originally (Tr. 1627).

5

As explained above, the ALJ complied with the directives in the Appeals Council's remand order (Tr. 1684–85) by obtaining additional evidence from psychology expert Dr, Barua, further evaluating the nature, severity, and effects of Plaintiff's anxiety and depression disorders, and further explaining the development and evaluation of these disorders at step 2 of the decision (Tr. 1583–85), Because the ALJ complied with the directives of the Appeals Council, and Plaintiff did not ask the ALJ to do anything further to develop the record during administrative proceedings, his argument that the ALJ had a duty to further develop the record fails. *See Hawkins v. Chater*, 113 F.3d 1162, 1168 (10th Cir. 1997) ("In the absence of such a request by counsel, we will not impose a duty on the ALJ to order a consultative examination unless the need for one is clearly established in the record."); *Hendron*, 767 F.3d at 957 (noting that the claimant and her attorney "are in the best position to have knowledge of any additional medical records that may be relevant to her disability claim").

> **B.     The ALJ's Finding that Dr. Barua's Opinion was Entitled to Little Weight is Supported by Substantial Evidence.**

Plaintiff argues that the ALJ erred in evaluating Dr. Barua's opinion. The ALJ cited the following reasons for assigning little weight to Dr. Barua's opinion:

- "The opinion was internally inconsistent as it opined significant psychological functional limitations, but in the previous portion indicates the claimant has no more than one moderate limitation in responding appropriately to usual work situations and to changes in a routine work setting"
- "Dr. Barua made general citations to a number of exhibits, some of which were prior to the alleged onset date in their entirety, while the claimant was working, or contained no significant mental health evidence, and Dr. Barua did not address the claimant's previous alcohol abuse"
- "this opinion is inconsistent with the overall medical evidence of record that documents improvement and a stable mood and well controlled symptoms more recently, as well as the claimant's lack of mental health treatment other than medication management, the claimant's reluctance to engage in counseling, suggesting that the claimant is not as limited as alleged," and
- "there are few objective findings in the medical record pertaining to these disorders"

(Tr. 1585). These were sufficient reasons supported by substantial evidence in the record for finding Dr. Barua's opinion was entitled to little weight. *See* 20 C.F.R. §§ 404.1527, 416.927; *Newbold v. Colvin*, 718 F.3d 1257, 1266 (10th Cir. 2013) (affirming the ALJ's decision discounting the treating physician's opinion where the doctor's treatment note from the same day was inconsistent with the doctor's opinion); *Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) (ALJ reasonably discounted treating physician opinion which was inconsistent with other medical evidence).

Although the precise nature of Plaintiff's arguments is unclear, Plaintiff argues that "that mental illness under 12.04 and 12.06 is independent of work limitations" (Pl. Br. at 24). It is unclear how this statement challenges the weight that the ALJ assigned to Dr. Barua's opinion. Dr. Barua found that Plaintiff's mental impairments caused no more than "moderate" limitations in work-related activities (Tr. 2079–90), yet he also found that they were presumptively disabling because they caused marked limitations in two functional areas (Tr. 2083-84). The ALJ reasonably determined that Dr. Barua's findings were inconsistent and entitled to little weight. Plaintiff also argues "that incomplete or general answers from contract employees could be particularized with a single phone call or appearance at hearing or follow-up questions" (Pl. Br. at 24). Though unclear, it appears Plaintiff is arguing that the ALJ could have reconciled this issue by recontacting Dr. Barua. However, as noted above, the ALJ had no duty to further develop the record, and his evaluation of Dr. Barua's opinion is supported by substantial evidence.

## IV.    CONCLUSION

Because the ALJ's decision is supported by substantial evidence and free from reversible error, it is AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

DATED this 13 March 2024.

                                                                        _____
                                                                         Magistrate Judge Cecilia M. Romero
                                                                         United States District Court for the District of Utah